IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Angela D. Douglas, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 4:21-cv-00464 |
| v. | § | |
| | § | |
| Madera Residential Ltd. and | § | |
| 2800 Dairy, LP., | § | |
| | § | |
| Defendants. | § | (JURY TRIAL DEMANDED) |

## DEFENDANTS MADERA RESIDENTIAL LTD. AND 2800 DAIRY, LPs' RESPONSE TO ANGELA DOUGLAS' MOTION TO COMPEL

Defendants Madera Residential Ltd. and 2800 Dairy, LP. file this Response objecting to Angela Douglas' Motion to Compel, and would respectfully show the Court the following:

### *Relevant Procedural History*

Plaintiff filed this suit February 10, 2021, and served her first request for discovery on Defendants on October 5, 2021. Defendants served responses on November 4, 2021, then supplemented such responses on December 3, 2021, December 6, 2021, and February 2, 2022. Counsel for Plaintiff and Defendant exchanged letters and emails conferring on Plaintiff's discovery concerns throughout that time, with plaintiff's counsel sending two (identical) letters on November 9, 2021 and February 10, 2022, and Defendants' counsel sending one letter on December 3, 2021, along with the aforementioned supplemental responses. (12.3.21 Letter attached as Exhibit A.)

### *General Arguments*

<u>12.3.21 Defendants' Letter of Conference.</u> Plaintiff neglects to include or acknowledge Defendant's 12.3.21 letter of conference in its motion. Importantly, such letter was served with substantial supplementation and addressed each issue in Plaintiff's 11.9.21 letter. Plaintiff's 2.10.22

-1-

letter of conference is a carbon copy of the 11.9.21 letter; it fails to acknowledge Defendants' 12.3.21 letter; therefore the 2.10.22 letter is not a good faith effort to confer.

Untimely objections and requests to strike. While Plaintiff alludes to "meritless, speaking objections," none of Defendants' discovery responses are on file for the Court to consider, nor are such presented for the Court's reference by Plaintiff. It would be unjust for the Court to strike objections it has not seen. Furthermore, Plaintiff complains that Defendant untimely objected to the excessive number of interrogatories propounded by Plaintiff. FRCP 33 clearly limits the interrogatories a party may propound to 25. Plaintiff propounded 61 interrogatories including all subparts. This is a clear violation of the rules of discovery. Plaintiff should be required to request leave from the Court before propounding such excessive interrogatories.

Absent requests for production. Plaintiff generally groups interrogatories and RFPs together in her motion to compel, however Plaintiff primarily sets forth only text from, and arguments on, her interrogatories. For every RFP, not presented fully to the Court, same should not be entertained or ruled upon pursuant to Plaintiff's motion.

Groundless accusations. The overarching tone of Plaintiff's letter of conference and her motion is that "there must be more evidence," however Plaintiff sets forth no evidence or even factual grounds in support of why she believes she should be receiving more documentation. As the investigating party, Plaintiff is not in a position to dictate to Defendants what they do have, do not have, or must have. Defendant has searched, answered, and supplemented its discovery responses in good faith. As of the filing of this response, Defendants reasonably believe Plaintiff is in possession of everything she has requested such that her motion to compel should have been withdrawn. In the event Plaintiff has any evidence or factual grounds to believe she should be receiving additional documentation, Plaintiff is required to set forth such evidence by the rules governing initial disclosures and the parties' ongoing duty to supplement.

<u>Plaintiff is not entitled to attorneys' fees</u>. The court must not order payment of movant's fees and costs if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. USCS Fed Rules Civ Proc R 37(a)(5).

As shown above, Plaintiff's 2.10.22 letter was not a good faith effort to confer because it was a carbon copy of the 11.9.21 letter of conference and failed to acknowledge Defendants' supplements and/or arguments. Further, Defendants' objections are justified. Defendant has substantively responded and conferred in good faith. Plaintiff grossly overstates the existence of any remaining outstanding discovery and is not entitled to an order in her favor, much less an award of fees.

***Direct Responses to Issues Raised in Plaintiff's MTC***

<u>Interrogatory No. 1</u>:

Pursuant to FRCP 33(d), the information sought, save and except for each employee's race and/or disability, is ascertainable from a spreadsheet bates labeled as MaderaSupplDiscResp.000092, produced by Defendants on December 6, 2021 and again on February 7, 2022. Defendants also served a letter of conference on Plaintiff's counsel on December 3, 2021, wherein Defendants conveyed that they do not record any employees' races or disabilities.

<u>Interrogatory No. 2, Production Nos. 63, 47, 48</u>:

Plaintiff requests that all non-privileged communications, including some specific texts messages and handwritten notes be provided and that Interrogatory No. 2 be answered. Defendants testified in recent depositions that the text messages and handwritten notes Plaintiff mentions in her motion either no longer exist or could not be located after a diligent search.

<u>Interrogatory No. 4 & Productions Nos. 24, 25, 30, 65</u>:

Under FRCP 33(d), Defendants have the right to produce documents kept in the ordinary course of business when same reasonably answers a requesting party's interrogatories. All requested communications have been provided in production served on December 3, 2021, December 6, 2021, February 2, 2022, and March 11, 2022. See bates labels MaderaSuppDiscResp 000080 – 000090. Upon information and belief, no recordings of Plaintiff exist. Further, as explained in recent deposition, Ms. Bogg's original notes of her investigation either no longer exist or cannot be located after a diligent search.

Interrogatory No. 8 & Production No. 68:

Defendants served responsive documents to this request on December 3, 2021, bates labeled as MaderaSupplDiscResp.000001 - MaderaSupplDiscResp.000005.

Request for Production No. 1:

Defendants served responsive documents to this request bates labeled as Madera/Verano_RRFD.000003 - Madera/Verano_RRFD.000043. No other responsive documentation is known to exist.

Request for Production No. 3 – 16:

Upon information and belief, no recordings of Plaintiff exist. Further, as explained in recent deposition, Ms. Bogg's original notes of her investigation either no longer exist or cannot be located after a diligent search.

Request for Production No. 19:

Defendants served responsive documents to this request on December 3, 2021, bates labeled as MaderaSupplDiscResp.000001 - MaderaSupplDiscResp.000005.

<u>Interrogatory No. 7 & Requests for Production Nos. 20 – 22</u>:

No "claims of discrimination, retaliation or misconduct involving Defendants, Leon, Lightfoot, Boggs, and Grisby" are known to exist. Defendant has however produced evidence related to Leon's work separation and Grisby's work separation and request for unemployment payments. Plaintiff may refer to bates nos. Madera'sRespTo2ndRFP 000015 – 000101; 2ndSuppRRFP 000005 – 000021.

<u>Other Concerns</u>:

All concerns listed are addressed hereinabove.

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I served the foregoing document via electronic filing pursuant to the Federal Rules of Civil Procedure on March 16, 2022, on the following:

Katrina Patrick
6575 West Loop South, Suite 500
Bellaire, Texas 77401
Katrina@voiceoftheemployees.com

*/s/ Keith C. Thompson*
Keith C. Thompson

# Exhibit A

Physical Address
11003 Quaker Ave.
Lubbock, TX 79424

Telephone (806) 783-8322
Fax (806) 783-8357
Email: kct@kctlaw.us

December 3, 2021

Katrina Patrick
Law Office of Katrina Patrick
6575 West Loop South, Suite 500
Bellaire, Texas 77401
***Via Email Delivery***: katrina@voiceoftheemployees.com

> RE:  Response to November 9, 2021 Discovery Letter
> *Douglas v. Madera Residential Ltd. and Verano Apartment Homes*; Civil Action
> No. 4:21-cv-00464; In the Southern District of Texas, Houston Division

Ms. Patrick,

I am in receipt of your letter dated November 9, 2021, conferring on discovery data Ms. Douglas is seeking and objections Madera has raised. While you should have received Madera's Supplemental Responses to Plaintiff's Discovery Requests concurrently herewith or shortly before this communication, I also wanted to send a response to your letter.

### *Interrogatories Exceed Permissible Number Under FRCP 33*

Your letter takes issue with unanswered subparts to Plaintiff's interrogatories 2 – 5. Upon review, I find a total of 61 separate questions presented in Plaintiff's Interrogatories 1 – 11, counting each lead question and each discrete subpart. I've enclosed a copy of your Interrogatories which isolates each subpart for your review. FRCP 33(a)(1) restricts the number of interrogatories one party may propound to another to 25, including each discrete subpart as a separate interrogatory.[1] Additionally, paragraph 10(A) of our agreed Joint Discovery and Case Management Plan, enclosed herewith, expressly provides, "The parties do not believe that any changes should be made in the limitations of discovery imposed by the Federal Rules of Civil Procedure."

---

[1] Subparts of interrogatories need not be separately numbered or lettered to count as multiple interrogatories. *Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 1998 U.S. Dist. LEXIS 21374 (C.D. Cal. 1998); Every interrogatory which is served, including any discrete subparts, is to be counted against numerical limit. *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 44 Fed. R. Serv. 3d (Callaghan) 1027, 1999 U.S. Dist. LEXIS 16333 (C.D. Cal. 1999), remanded, 263 F.3d 1005, 2001 Cal. Daily Op. Service 7694, 2001 D.A.R. 9499, 2001 U.S. App. LEXIS 19467 (9th Cir. 2001).

Defendant has provided substantive answers to these interrogatories, but it has also raised objections to all interrogatories beyond the limit imposed by the Rules. We are currently disinclined to answer more interrogatories than required by the Federal Rules, as Plaintiff has not obtained leave from the Court allowing her to propound 61 interrogatories.

### *Discussion of Interrogatory No. 1*

Your letter identifies case law you contend is pertinent to the objections lodged to Interrogatory 1. Your letter cites to case law snippets that appear to deal entirely with time constraints on the request. Defendant did not object to the scope of information sought, but rather cited each current and/or former employee's right to privacy. Defendant has supplemented its response to Interrogatory No. 1, but maintains its objections.

Specifically, Defendant objects to disclosing certain personal information belonging to current and/or former employees because certain information—such as an individual's phone number, race, disabilities, and reason for work separation—are, by definition, private. Furthermore, outside of information being voluntarily disclosed, Defendant does not make a habit of observing, questioning, or in any way recording the race or disabilities of its employees or residents, as such information is irrelevant to a person's right to equal employment opportunities or housing. Your arguments surrounding Interrogatory 1 are inapplicable.

### *Responses to Subparts of Interrogatories No. 2 – 5, 7*

You requested that Defendant answer each subpart of Interrogatory No. 2 – 5 and Interrogatory No. 7 and produce all related documentation. Defendant has provided a substantive response and produced all related documentation as same is kept in the ordinary course of business, including but not limited to all documents submitted to the EEOC in relation to Plaintiff's Charge of Discrimination. Pursuant to FRCP 33(d), the specific answer to each subpart may be ascertained by examining the documentation Defendant has submitted, and the burden to derive such information is substantially the same for Plaintiff as for Defendant. Therefore, refer the above-described documents for answers to each subpart.

### *Discussion of Interrogatory No. 3*

Upon review of Defendant's original response to Interrogatory No. 3, I have determined that the matters discussed there are most accurately categorized as "oral or written disciplinary actions" under Interrogatory No. 5. To clarify, no claims or complaints were made against Plaintiff during her tenure with Defendant.

### *Discussion of Interrogatory No. 4*

Interrogatory No. 4 is heavily duplicative of Interrogatory No. 2 in that both requests ask Defendant to identify all persons contacted and/or involved in any discussions surrounding Plaintiff's Complaint and Charge of Discrimination and asks for further details regarding each such contact. Your letter admits as much by saying "Interrogatory No. 2 only asks for persons receiveing, investigating, participating in the investigation, and interviewed as to claims lodged by

Plaintiff. This particular request asks for all witnesses whom Defendant communicated with regarding any of the claims in this suit and Defendant's defenses."

Your attempt to differentiate between the information sought in the two requests tends to support the objection to the duplicity of your requests. Nevertheless, Defendant has provided a substantive response and produced all documentation submitted to the EEOC in relation to Plaintiff's Charge of Discrimination, which includes documentation of all Defendant's interactions with witnesses.

### Interrogatories No. 5, 7-11

Responses to the above-named interrogatories have been amended and should address the issues you've raised.

### Requests for Production 1-16

Your accusations that Defendant "cherry-picked" what documents to produce is problematic because: (i) as the investigating party, you are not in a position to dictate to Defendant what they have, don't have, or speculatively must have; and (ii) for argument purposes only, in the very unlikely event you have evidence that controverts Defendant's sworn responses and production of documents, you had a duty under FRCP 26 to produce same in your initial disclosures and have an ongoing duty to supplement same.

### Requests for Production 23, 24, 26-29, 39, 45

Defendant's responses have been supplemented.

### Requests for Production 30, 43, 54, 56, 59, 60, 61, 62, and 70

Defendant's responses to RFPs 43, 60, 61, and 62 have been supplemented.

Defendant's original responses to RFPs 54 and 56 were "not applicable." Those responses remain.

Defendants did in fact object to RFPs 30, 59, and 70. Those objections remain in effect, however the original and supplemental production contains responsive documentation.

Please call with any questions.

Sincerely,

Law Office of Keith C. Thompson, P.C.


_____

By: Alexa C. Lunsford

# Exhibit 1

# INTERROGATORIES

**INTERROGATORY NO. 1:**

<u>List every employee</u> (full-time, part-time, permanent or temporary) who worked or performed duties for Defendants at 2800 South Dairy Ashford, Houston, Texas 77082 from January 1, 2016 to December 31, 2019 setting forth as to each:

      a.    job titles held.
      b.    immediate supervisors,
      c.    last known residential address and telephone number.
      d.    date of hire.
      e.    race,
      f.    known disability, and
      g.    date, reason for separation and all decision-makers (where applicable).

<span style="color:red">Eight subparts including lead question.</span>

**ANSWER:**


**INTERROGATORY NO. 2:**

Please <u>identify with specificity all claims or complaints</u> including but not limited to those concerning discrimination, retaliation, unethical conduct, or threats made by Plaintiff to or against Defendants including but not limited to those involving Francis Leon setting forth as to each: the <u>persons receiving the complaints,</u> the <u>persons she complained about,</u> the <u>exact nature of the complaints,</u> the <u>investigation undertaken as a result of such complaints,</u> <u>all individuals who participated</u> – in any way – in any investigation conducted by Defendants regarding Plaintiff's complaints, <u>all persons talked to about such complaints</u> including witnesses interviewed, the <u>outcome of the investigation,</u> and <u>dates of each</u> such action identified herein.

<span style="color:red">Nine subparts to interrogatory no. 2; seventeen total.</span>

  **ANSWER:**

**INTERROGATORY NO. 3:**

Please <u>identify with specificity all claims or complaints</u> made against Plaintiff setting forth as to each: the <u>exact nature of the complaints,</u> the <u>investiation undertaken</u> as a result of such complaints, <u>all individuals who participated</u> – in any way – in any investigation conducted by Defendants regarding such complaints, <u>all persons talked to about such complaints</u> including witnesses interviewed, the <u>outcome of the investigation,</u> and <u>dates</u> of each such action identified herein.

<span style="color:red">Seven subparts to interrogatory no. 3; twenty-four total.</span>

**ANSWER:**

**INTERROGATORY NO. 4:**

<u>Identify each person</u>, other than your attorney, with whom you have communicated or from whom you have obtained a statement (whether written, oral, recorded, or otherwise) regarding whom you have obtained a statement (whether written, oral, recorded, or otherwise) regarding the claims set forth in Plaintiff's lawsuit or Charge of Discrimination and your defense therof, including, but not limited to any current or former employees of MADERA RESIDENTIAL LTD., VERANO APARTMENT HOMES and/or local, state, or Texas government agencies or officials including the Texas Workforce Commission and/or the U.S. Equal Employment Opportunity Commission. For each such person or entity, <u>descrie in detail the time and date</u> of the communication/statement, <u>all parties to the communication</u>/statement, the <u>subject matter of the communication</u>/statement, <u>any witnesses to the communication</u>/statement, the <u>nature of the communication</u>/statement (i.e., letter, in person, electronic, telephone call, etc.), and <u>all documents related to the communication</u>/statement. This request does not ask for privileged matters.

<span style="color:red">Seven subparts to interrogatory no. 4; thirty-one total.</span>

**ANSWER:**

**INTERROGATORY NO. 5:**

<u>Identify all oral or written disciplinary actions</u> against Plaintiff up to and including termination and as to each: <u>(i)</u> list of all persons involved in the decision to discipline Plaintiff including her termination, <u>(ii)</u> the known roles of each persons, and <u>(iii)</u> **all** specific reasons for such employment action e.g., the disciplinary action and termination.

<span style="color:red">Four subparts to interrogatory no. 5; thirty-five total.</span>

**ANSWER:**

**INTERROGATORY NO. 6:**

<u>Explain the relationship between 2800 Dairy, LP, Madera Residential Ltd and Verano Apartment Homes</u> including <u>which entity employed Plaintiff for purposes of Plaintiff's Title VII and ADA claims</u>, <u>supervised Plaintiff</u>, <u>directly paid Plaintiff</u>, <u>provided Plaintiff with benefits</u>, and <u>provided Plaintiff with work space and tools to conduct her job</u>.

<span style="color:red">Six subparts to interrogatory no. 6; forty-one total.</span>

**ANSWER:**

**INTERROGATORY NO. 7:**

Identify any and all persons (other than Plaintiff) who, from January 1, 2016 to present, have filed – whether internally or externally – a lawsuit, complaint, administrative charge, or claim (collectively "complaint") of race discrimination, disability discrimination or retaliation against Defendants setting forth as to each: (i) the exact nature of the complaint, (ii) the investigation undertaken as a result of such a complaint including witnesses interviewed, (iii) dates of each such action, and (iv) the details of each investigation.

<span style="color:red">Five subparts to interrogatory no. 7; forty-six total.</span>

**ANSWER:**


**INTERROGATORY NO. 8:**

Identify all communities owned and/or managed by Defendants during Plaintiff's tenure including all vacancies or openings for leasing consultants in Houston, Texas setting forth as to each the date open or vacant and the location.
<span style="color:red">Four subparts to interrogatory no. 8; fifty total.</span>

**ANSWER:**


**INTERROGATORY NO. 9:**

Identify or produce for inspection each document in your custody and control, or of which you have knowledge, that supports any claim asserted in Plaintiff's Complaint, Plaintiff's Demand, Plaintiff's Charge of Discrimination or that you contend relates to any defense or affirmative defense asserted by Defendants including that in Defendants' Statement of Position to the EEOC, giving a brief description of what you believe each document proves, and identifying all documents which you contend support, tend to support, or tend to refute your answer to this Interrogatory.

<span style="color:red">Three subparts to interrogatory no. 9; fifty-three total.</span>

**ANSWER:**


**INTERROGATORY NO. 10:**

Describe all benefits sponsored or provided by Defendants in which Plaintiff participated, such as health insurance plan, life insurance plan, stock option plan, incentive pay plan, bonus plan, retirement plan, deferred income plan or any other benefit plan in which Plaintiff participated or in which Plaintiff was eligible to participate and as to each identify the value of such benefit and how that value was computed.

<span style="color:red">Four subparts to interrogatory no. 10; fifty-seven total.</span>

**ANSWER:**


**INTERROGATORY NO. 11:**

State the <u>name</u>, <u>address</u>, and <u>job title</u> or capacity of each person who prepared or assisted in the preparation of the responses to these Interrogatories setting forth <u>each person's roles and responsibilities in doing such</u>.

<span style="color:red">Four subparts to interrogatory no. 11; sixty-one total.</span>

**ANSWER:**

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **Angela D. Douglas,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **C.A. No. 4:21-cv-00464** |
| **v.** | § | |
| | § | |
| **Madera Residential Ltd. and** | § | |
| **Verano Apartment Homes,** | § | |
| | § | |
| **Defendants.** | § | **(JURY TRIAL DEMANDED)** |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.**

   By telephone conference on May 17, 2021 between Katrina Patrick, counsel for Plaintiff and Keith C. Thompson, counsel for Defendant.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

   None.

3. **<u>Briefly</u> describe what this case is about.**

   Plaintiff brings suit against Defendant, her former employer, for race discrimination, disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C Section 1981, and ADAAA, respectively. Plaintiff worked as a leasing officer at this apartment complex. She was subjected to harassment and disparate treatment based on both her race and disability. When she opposed such, she was subjected to retaliation including termination.

   Defendant denies Plaintiff's allegations.

4. **Specify the allegation of federal jurisdiction.**

   (1) 28 U.S.C. § 1331, (2) Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), (3) 42 USC Section 1981 and (4) Americans With Disabilities Act Amendments Act

of 2008, as amended ("ADAAA").

**5.      Name the parties who disagree and the reasons.**

None.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

**7.      List anticipated interventions.**

None.

**8.      Describe class-action issues.**

None.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

The parties plan on exchanging initial disclosures on or before **June 4, 2021.**

**10.     Describe the proposed agreed discovery plan, including:**

**A.      Responses to all the matters raised in Rule 26(f).**

There is no need for changes to the requirement for disclosures under 26(a).  The parties will provide their initial disclosures on or before **June 4, 2021**.  Discovery is needed regarding Plaintiff's discrimination and retaliation claims as well as Plaintiff's damages, Defendant's defenses and related matters.  Discovery should be completed by **January 14, 2022**.  Discovery does not need to be conducted in phases or focused on particular issues.  The parties are not currently aware of any issues relating to disclosure or discovery of electronically stored information or relating to claims of privilege or protection as trial-preparation material.  The parties do not believe that any changes should be made in the limitations of discovery imposed by the Federal Rules of Civil Procedure.  The parties are not aware at this time of any other orders that should be entered by the Court under Federal Rules of Civil Procedure 26(c), 16(b) or 16(c).

Further, the parties suggest the Court order the following dates in the scheduling order:

- Trial: **June 13, 2022**

- End of Discovery: **January 14, 2022**
- Dispositive Motion Deadline: **February 28, 2022**
- Plaintiff's expert report: **October 1, 2021**
- Defendant's expert report: **November 12, 2021**

**B.**     **When and to whom the plaintiff anticipates it may send interrogatories.**

To Defendant before the end of discovery.

**C.**     **When and to whom the defendant anticipates it may send interrogatories.**

To Plaintiff before the end of discovery.

**D.**     **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of Francis Leon, Brigitte Yeager and Cody Boggs and other fact witnesses identified through the discovery process by the close of discovery.

**E.**     **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the deposition of Plaintiff.  Additionally, Defendant may take depositions of other fact witnesses identified through the discovery process.

**F.**     **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designated responsive experts and provide their reports.**

Plaintiff anticipates providing any expert reports by **October 1, 2021**.

Defendant anticipates providing any expert reports by **November 12, 2021.**

**G.**     **Expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated complete date.  See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of experts designated by the Defendant by the close of discovery.

**H.**     **List expert depositions the opposing party anticipates taking and their anticipated complete date.  See Rule 26(a)(2)(B) (expert report).**

Defendant anticipates taking the depositions of experts designated by the Plaintiff by the close of discovery.

**11.  If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

No disagreement.

**12.  Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.  State the date the planned discovery can reasonably be completed.**

Plaintiff and Defendant believe they can complete discovery by **January 14, 2022.**

**14.  Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting**

Plaintiff and Defendant are in the process of reviewing relevant documents to properly assess whether a prompt resolution of the case is possible.  Plaintiff and Defendant will engage in further discussions when they complete their review.

**15.  Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff and Defendant are in the process of reviewing relevant documents to properly assess whether a prompt resolution of the case is possible.  Plaintiff and Defendant will engage in further discussions when they complete their review.

**16.  From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such techniques may be effectively used in the case.**

The parties believe that this case may be reasonably suitable for mediation following the exchange of initial discovery.

**17.  Magistrate judges may now hear jury and non-jury trials.  Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to trial before a magistrate judge.

**18.  State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made.

**19.     Specify the number of hours it will take to present the evidence in this case.**

32 hours.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.     List other motions pending.**

None.

**22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23.     List the names, bar numbers, addresses and telephone numbers of all counsel.**

<u>**For Plaintiff:**</u>
Katrina Patrick
Law Offices of Katrina Patrick
Federal Bar No. 22038
6575 West Loop South #500
Bellaire, Texas 77401
Telephone: (713)796-8218
Facsimile: (281)399-5537
*katrina@voiceoftheemployees.com*

<u>**For Defendant:**</u>
Keith C. Thompson
The Law Office of Keith C. Thompson, P.C.
Federal Bar No. 24013631
11003 Quaker Avenue
Lubbock, Texas 79424
Telephone: (806)783-8322
Facsimile: (806) 783-8357
*kct@kctlaw.us*

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel hereby certifies that the foregoing was e-filed on this May 19, 2021 and pursuant to the electronic filing protocols applicable in the United States District Court for the Southern District of Texas, Houston Division, and that service will be further made in compliance with said protocols.

<u>***/s/ Katrina Patrick***</u>
Katrina Patrick
